**KIM, CHO & LIM, LLC**
Seoung Y. Lim Esq. (SL4581)
460 Bergen Boulevard, Suite 305
Palisades Park, NJ 07650
Tel: (201) 585-7400
Fax: (201) 585-7422
*Attorneys for Plaintiff*
joshualim@kcllawfirm.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JIN YONG SHIN,<br><br>Plaintiff,<br><br>-against-<br><br>SO GONG DONG OF PALISADES PARK, INC. d/b/a SO GONG DONG RESTAURANT, SO GONG DONG AMERICA, INC., JUNGRAE PARK, YOUNG IL KIM, and JOHN DOES 1-10,<br><br>Defendants. | Case No.:<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**<br><br>ECF Case |

Plaintiff, JIN YONG SHIN ("Shin"), by and through his attorneys, Kim, Cho & Lim, LLC, complaining of Defendants, SO GONG DONG OF PALISADES PARK, INC. d/b/a SO GONG DONG RESTAURANT ("SGDPP"); SO GONG DONG AMERICA, INC. ("SGDA"); JUNGRAE PARK ("Park"); YOUNG IL KIM ("Kim"); and JOHN DOES 1-10 (said names being fictitious) (collectively, "Defendants"), avers as follows:

### NATURE OF THE ACTION

1. Plaintiff Shin – a non-exempt tipped employee – initiates this action to recover unpaid wages and unpaid overtime wages while in the employ of Defendants, SGDPP, SGDA, Park, Kim and John Does 1-10, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") as well as the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1 *et seq.*, and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a *et seq.* ("NJLL").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. §1531 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

3. Venue is proper in this district under 28 U.S.C. §391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## PARTIES

4. Plaintiff Shin is an individual residing in Palisades Park, New Jersey and was employed by Defendants as a waiter from about July 19, 2015 to December 10, 2015, at the restaurant located at 118 Broad Avenue, Palisades Park, New Jersey 07650.

5. Throughout his employment with Defendants, Plaintiff Shin and other similarly situated employees were subjected to the same pattern and practices of Defendants' illegal employment policies.

6. Plaintiff Shin seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

7. Defendant SGDPP is a business incorporated under the laws of the State of New Jersey, and operates the restaurant located at 118 Broad Avenue, Palisades Park, New Jersey 07650.

8. Upon information and belief, Defendant SGDPP also operates multiple restaurants at other locations.

9. To serve meals, Defendant SGDPP regularly engages in interstate commerce by procuring ingredients which were produced outside the State of New Jersey.

10. Upon information and belief, Defendant SGDPP had a gross volume of sales of $500,000.00 or more (exclusive of excise taxes at the retail level that are separately stated) for the year 2015.

11. Defendant SGDA is a business incorporated under the laws of the State of New Jersey, and upon information and belief, operates multiple restaurants at other locations.

12. To serve meals, Defendant SGDA regularly engages in interstate commerce by procuring ingredients which were produced outside the State of New Jersey.

13. Upon information and belief, Defendant SGDA had a gross volume of sales of $500,000.00 or more (exclusive of excise taxes at the retail level that are separately stated) for the year 2015.

14. Upon information and belief, Defendant Park is an individual who is an owner, officer, and/or agent of Defendant SGDPP, and possesses operational control over, and an ownership interest in, Defendant SGDPP.

15. Defendant Park also had the power to hire and fire, determine the wages and compensation paid to, and the working schedules and working conditions of, the employees of Defendant SGDPP, including, but not limited to, Plaintiff Shin.

16. Upon information and belief, Defendant Kim is the registered agent and a member of the board of directors of Defendant SGDA and possesses operational control over, and an ownership interest in, Defendant SGDA.

17. Upon information and belief, Defendant Kim had the power to hire and fire, determine the wages and compensation paid to, and the working schedules and working conditions of, the employees of Defendant SGDA.

18. Defendants, John Does 1-10, are fictitious names for individuals who are owners, officers, and/or agents of Defendants, SGDPP and/or SGDA, who also possess operational control over, and an ownership interest in Defendants, SGDPP and/or SGDA.

19. Defendants, John Does 1-10, also had the power to hire and fire, determine wages and compensation paid to, and the working schedules and working conditions of, the employees of Defendants, SGDPP and/or SGDA.

## FACTUAL ALLEGATIONS

### DEFENDANTS CONSTITUTE JOINT EMPLOYERS

20. Upon information and belief, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

21. Upon information and belief, Defendants operate their restaurants as an alter ego of each other and/or fail to operate their restaurants as entities legally separate and apart from each other by, among other things:

   i. Operating their restaurants under the same name, "So Gong Dong";

   ii. Failing to adhere to the corporate formalities necessary to operate the restaurants as separate and legally distinct entities;

   iii. Defectively forming and/or maintaining the Defendant corporations by, amongst other things, failing to holding annual meetings or maintaining appropriate corporate records;

   iv. Transferring assets and debts freely between all Defendants;

   v. Operating the Defendant corporations for their own benefit as sole or majority shareholders;

   vi. Operating the Defendant corporations for their own benefit and maintaining control over them as a closed corporation or closely held entities;

   vii. Intermingling assets and debts of their own with Defendant corporations; and/or

   viii. Other actions evincing a failure to adhere to the corporate form.

22. Upon information and belief, Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23. Upon information and belief, each Defendant possesses substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment of Plaintiff and all other similarly situated individuals.

24. As such, Defendants jointly employed Plaintiff and all other similarly situated individuals, and were their employers within the meaning of 29 U.S.C. 201 *et seq*. and the NJLL.

**DEFENDANTS' FAILURE TO COMPLY WITH THE "TIP CREDIT" STATUTE**

25. Plaintiff Shin is a former employee of Defendants, ostensibly employed as a waiter – a non-exempt tipped employee – from about July 19, 2015 through November 10, 2015.

26. Throughout his employment, Plaintiff Shin was regularly required to work in excess of forty (40) hours per week without paying him the proper minimum wage and overtime compensation.

27. Throughout his employment with Defendants, Plaintiff Shin worked twelve (12) hours per work day.

28. From July 19, 2015 through August 15, 2015, Plaintiff Shin worked six (6) days per week and was compensated at a rate of $45.00 per work day.

29. From August 16, 2015 through November 10, 2015, Plaintiff Shin worked five (5) days per week and was compensated at a rate of $45.00 per work day.

30. Throughout his employment with Defendants, Plaintiff Shin was never given proper notice with respect to the "tip credit" statute.

31. Pursuant to the FLSA, at or before the time of hiring, Defendants were required to provide the information set forth below to Plaintiff in order to claim a tip allowance and pay a reduced hourly wage in conjunction with the actual tips received by Plaintiff:

a. the amount of cash wage the employer is paying a tipped employee, which must be $1.60 maximum hourly tip credit;

b. the additional amount claimed by the employer as a tip credit, which cannot exceed the difference between the minimum required cash wage and then minimum wage);

c. that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employee;

d. that all tips received by the tipped employee are to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and

e. that the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions.

32. As the information set forth in preceding paragraph was not given to Plaintiff Shin, Defendants were not allowed to use the tip credit provisions to reduce the wages due to Plaintiff Shin.

33. Further, Defendants failed to follow the proper procedure, as set forth in the FLSA, when they improperly pooled the tips of Plaintiff Shin and other employees; namely, their tip pooling practice was illegal.

34. Moreover, throughout Plaintiff Shin's employment, Defendants failed to maintain proper timekeeping and compensation records, as required by the FLSA and NJLL; Defendants also failed to provide Plaintiff Shin with a wage statement on each payday.

## FLSA COLLECTIVE ACTION CLAIMS

35. The above-stated pattern and practice – which were willful and intentional – did not only affect Plaintiff Shin, but was Defendants' widespread, repeated, and consistent policy with respect to all tipped employees of Defendants.

36. As such, Plaintiff Shin brings his FLSA overtime wages and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three (3) years prior to the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants, DHSS, Park, Lee and John Does 1-10 (the "FLSA Class").

37. At all relevant times, Plaintiff Shin and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and compensation provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols, and plans of willfully failing and refusing to pay them the required overtime compensation of one and one-half (1.5) times their regular rates for work in excess of forty (40) hours per work pursuant to the FLSA, willfully taking improper deductions and other improper credits against their wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

38. The Plaintiff Shin's claims stated herein are similar to those of the other employees in the FLSA Class.

## FIRST CAUSE OF ACTION
### (Violation of the FLSA Minimum Wage Provisions)

39. Plaintiff repeats and re-alleges all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

40. At all relevant times, Defendants were Plaintiff's employers (and employers of the putative FLSA Class) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff (and the FLSA Class), controlled the

terms and conditions of employment, and determined the rate and method of compensation in exchange for their employment.

41. At all relevant times, Defendants were engaged in commerce or in an industry or activity affecting commerce.

42. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r-s).

43. Defendants failed to pay Plaintiff (and the FLSA Class) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

44. Defendants' failure to pay Plaintiff (and the FLSA Class) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

45. As a result, Plaintiff (and the FLSA Class) were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
(Violation of the FLSA Overtime Provisions)

46. Plaintiff repeats and re-alleges all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

47. At all relevant times, Defendants were Plaintiff's employers (and employers of the putative FLSA Class) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff (and the FLSA Class), controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for their employment.

48. At all relevant times, Defendants were engaged in commerce or in an industry or activity affecting commerce.

49. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r-s).

50. Defendants failed to pay Plaintiff (and the FLSA Class) overtime compensation at a rate of one and one-half (1.5) times the regular rate of pay for each and every hour worked in excess of forty (40) hours in a work week, in violation of 29 U.S.C. § 207 (a)(1).

51. Defendants' failure to pay Plaintiff (and the FLSA Class) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

52. Plaintiff (and the FLSA Class) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
(Violation of NJLL Minimum Wage Provisions)

53. Plaintiff repeats and re-alleges all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

54. At all relevant times, Defendants were Plaintiff's employers within the meaning of the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1 *et seq.* and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a1. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for his employment.

55. Defendants intentionally and willfully failed to pay Plaintiff at the applicable minimum hourly rate, in violation of New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1 *et seq.* and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a4.

56. As a result, Plaintiff was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
(Violation of NJLL Overtime Provisions)

57. Plaintiff repeats and re-alleges all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

58. At all relevant times, Defendants were Plaintiff's employers within the meaning of the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1 *et seq.* and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a1. Defendants had the power to hire and fire Plaintiff,

controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for his employment.

59. Defendants intentionally and willfully failed to pay Plaintiff overtime compensation at a rate of one and one-half (1.5) times the regular rate of pay for each and every hour worked in excess of forty (40) hours in a work week, in violation of New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1 *et seq.* and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a4.

60. As a result, Plaintiff was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court enter judgment against Defendants as follows:

A. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them to promptly file consents to be FLSA class members in the FLSA claims in this action;

B. Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA Class;

C. Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA Class;

D. Declaring that Defendants violated the record keeping requirements of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA Class;

E. Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff and the FLSA Class;

F. Awarding Plaintiff and the FLSA Class damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

G. Awarding Plaintiff and the FLSA Class liquidated damages in an amount equal to 100% of their damages for unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

H. Declaring that Defendants violated the minimum wage provisions of, and the rules and orders promulgated under, the NJLL as to Plaintiff;

I. Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NJLL as to Plaintiff;

J. Declaring that Defendants' violations of the NJLL were willful as to Plaintiff;

K. Awarding Plaintiff damages for the amount of unpaid wages under the NJLL;

L. Awarding Plaintiff and the FLSA Class pre-judgment and post-judgement interest;

M. Awarding Plaintiff and the FLSA Class the expenses incurred in this action, including costs and attorney's fees; and

N. Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: Palisades Park, NJ
February 8, 2017

Respectfully submitted,

By: _____
**KIM, CHO & LIM, LLC**
Seoung Y. Lim, Esq.
460 Bergen Boulevard, Suite 305
Palisades Park, NJ 07650
Tel: (201) 585-7400
Fax: (201) 585-7422
joshualim@kcllawfirm.com
*Attorneys for Plaintiff*